## HERD v. HERD.

1. **Administrator:** TAKING WIDOW'S PROPERTY: REPLEVIN: CAPACITY OF DEFENDANT. An administrator who takes the property of the widow is a tresspasser, and is personally liable, and cannot, in an action to recover the property, insist that he shall be substituted in his capacity as administrator.

2. **Continuance.** ABSENT WITNESS: DISMISSAL OF ISSUE. A continuance asked by defendant on the ground of the absence of a witness is properly refused when the plaintiff dismisses the only issue to which his testimony would relate.

3. **Practice on Appeal;** VERDICT: WEIGHT OF EVIDENCE. There being some evidence tending to support the verdict, it is not the province of this court to say that the evidence was not sufficient.

*Appeal from Wright Circuit Court.*

FRIDAY, MARCH 18.

ACTION to recover the possession of two horses. As to one of them, the plaintiff claimed possession on the ground that the horse was her property, and she claimed possession of the other because she was the widow of W. W. Herd. The cause of the detention of the horses was stated in the petition to be that the defendant was administrator of the estate of W. W. Herd, and as such took possession of the

Herd v. Herd.

horses. Trial by jury, judgment for the plaintiff, and defendant appeals.

*E. M. Sharon* and *C. F. Peterson*, for appellant.

*Nagle & Birdsall*, for appellee.

SEEVERS, J.—The defendant moved the court to substitute him as defendant in his representative capacity as adminis-
1. ADMINIS-
TRATOR:
taking wid-
ow's proper-
ty: replevin:
capacity of
defendant.
trator. This motion was overruled, and the court did not err in so ruling. The theory of the peti-tion—and thereon the plaintiff asked to recover —is that the defendant was a trespasser. This being so, he is personally liable therefor, as is a sheriff who levies on and takes possession of property which the process in his hands does not justify him in doing. The defendant had no right to take the plaintiff's property because he was the administrator of her husband's estate.

II. The defendant moved the court for a continuance because of the absence of a witness. Thereupon the plaint-
2. CONTINU-
ANCE: absent
witness: dis-
missal of is-
sue.
iff dismissed her claim or right to recover for the horse claimed by her as widow. Thereupon the motion to continue was overruled. This rul-ing was correct, for the reason that it was shown that the evi-dence of the absent witness related only to such horse, and had no tendency to establish the remaining issue.

III. It is contended that the verdict is not sustained by the evidence. But we think it is. The jury were war-
3. PRACTICE
on appeal:
verdict:
weight of evi-
dence.
ranted in finding that the plaintiff had purchased the horse of her husband during his life-time, if the evidence of the plaintiff and her witnesses was true, and this was a question for the jury. We cannot say that there is any such improbability in their evidence as will warrant us in concluding that the jury should have found otherwise.

Complaint is made of an instruction asked and refused in relation to the weight the jury should give to declarations of

a party, in possession of personal property, in disparagement of his title. Conceding that no well-grounded objection can be made to the instruction, we are clearly of the opinion, under the evidence, that its refusal does not constitute reversible error.

AFFIRMED.