J. E. McPHERSON, Appellant, v. COMMERCIAL BUILDING & SECURITIES COMPANY et al., Appellees.

MARCH 6, 1928.

REHEARING DENIED SEPTEMBER 28, 1928.

*Howard L. Bump*, for appellant.

*Henry L. Adams*, for Commercial Building & Securities Company and Cummins, appellees.

*Bradshaw, Schenk & Fowler*, for Howell, Taylor, Sears, Cownie, McPherrin, Loucks, Plumb, and Swanson, appellees.

*Parrish, Cohen, Guthrie, Watters & Halloran*, for Central State Bank, appellee.

EVANS, J.—I. The Commercial Building & Securities Company, which will be referred to hereinafter as "the company," was organized in 1920, under statutory provisions, with a capital stock paid up in excess of $300,000. Its purported business was to buy, improve, and sell real estate, and for that purpose, to borrow money upon its bonds. Its plan of securing its bonds was to put into the hands of a trustee specific securities, at estimated values, and to issue bonds for designated amounts against said deposits of securities, which securities were to be held by the trustee as security exclusively for the series of bonds issued against the same. The Central State Bank was such trustee. Successive deposits of securities were made in series designated as "A, B, C, D, E, F, G, and H." Each series was secured

564

by a particular deposit. The indenture of trust appointing the trustee clothed it with full power over the securities for the benefit of the bondholder secured thereby. By such trust agreement, the trustee became the representative of the bondholders, and was fully empowered to enforce their rights as such, against the company. Under this trust deed, the company reserved the right to collect all accruing interest and rents, and to account for the same to the trustee, unless it should become in default in the payment of any of its accruing obligations. If such default should continue for a period of 60 days, such right of collection was terminated. In June, 1925, the company became insolvent, and defaulted in its obligations. In order to protect its assets for the benefit of the bondholders during the 60-day period ensuing before the trustee could assume exclusive control of the securities, the trustee obtained the appointment of a receiver, one of the defendants herein. In December, 1925, this action was begun. In his petition the plaintiff purports to have brought the action for his own benefit and for the benefit of all other bondholders. He prayed judgment in his favor upon his own bonds, and prayed like judgments in favor of the other bondholders, without designating any. As an excuse for ignoring the pending receivership and the existing trustee, he averred that the receivership was a friendly one, and, in substance, that the interests of the receiver were hostile to the interests of the bondholders. Like allegations were made as against the trustee. Under the deed of trust set forth in the petition, the trustee was the pledgee of the securities, and was the proper representative of all the bondholders, with full power both under the trust deed and under the statute. Sections 12364 to 12371, Code of 1924. Plaintiff's bond carried the written attestation of the trustee. There was no lack of privity, as between the holder of the bond and such trustee.

We may note at this point that the appellee has filed an amended abstract in this court, setting forth matters which were of record in the district court in other proceedings, and which are alleged to have been within the judicial knowledge of the court. These are, in substance, that, immediately following the beginning of this suit, the trustee brought a foreclosure proceeding, and that the plaintiff intervened therein, and that such proceeding went to

decree in March, 1926, while the present action was still pending and undecided, and that such extraneous matters were known to the court, and were proper for its consideration. These matters thus brought to our attention serve no other function than to indicate that the demurrer filed by the appellees was ill-advised, and that the matters now pressed to our attention should have been pleaded. The fact that these matters were incorporated by reference in the demurrers does not aid the appellees. Allegations of fact are no proper part of a demurrer. We must, therefore, ignore these extraneous matters. One of the grounds of the demurrer was that the plaintiff had no legal capacity to maintain the action, in that the trustee alone could maintain the same, and must maintain the same for the benefit of all bondholders. Such were the terms of plaintiff's bond, and presumably of the bonds of other parties which plaintiff assumed to represent as a class. Unless the plaintiff has alleged facts which avoid this feature of his cause of action, this ground of the demurrer was properly sustained. We think the petition is lacking in such allegations. The substance of its allegations is that the trustee is indirectly interested in the protection of the directors, and that it will not proceed as aggressively as would the plaintiff. If such allegation were sufficient, any trusteeship could readily be avoided by mere assertion. In purporting to bring a class suit, and to represent other bondholders, none of whom have joined him, the plaintiff simply volunteers to become himself a trustee. He may not thus transform himself, nor thus assume control of securities which are held in legal possession by the trustee for the benefit of all the bondholders, nor thus interfere with the functions of a receiver properly appointed. If the receiver be derelict or unfit, the plaintiff has his proper remedy, by application to the appointing court and by a showing thereunder. If the trustee be derelict or disqualified, he has his remedy by a direct proceeding against him in a court of equity, which, upon proper showing, may remove and substitute. But the plaintiff may not, in a mere action upon his alleged cause of action, collaterally attack the capacity or qualification of a receiver or trustee. The plaintiff can have no more right of control of the securities than any other bondholder. No other bondholder has consented that the plaintiff may assume the role

of trustee of such securities. In a controversy between the bondholders as to the trusteeship, to which of them could the control be awarded? The court is not here umpiring in a race of creditors. This race is not to the swift. The respective rights and liens of all bondholders are already fixed. No advantage can be gained by being first at the tape. The trustee must proceed in accord with the obligations assumed by him under the deed of trust, unless he be removed by the court in a proper proceeding. We think that the demurrer was properly sustained on this ground.

II. Was there misjoinder of causes of action and of parties, as contended for by the defendants in their demurrer? Section 10960, Code of 1924, provides as follows:

"Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same rights, and if action on all may be brought and tried in that county, may be joined in the same petition."

Are the defendants who are named as directors of the corporation necessary parties to a cause of action by plaintiff against the company? Is he prosecuting his cause of action  against the company in the same rights as he is prosecuting the directors under their statutory liability? We deem it clear that an action against the directors, to recover upon their statutory liability, is separate and distinct from his purported cause of action against the company, and that it cannot be joined therewith. It is urged by the appellant that misjoinder is not one of the grounds of demurrer. It is true that it is not enumerated as one of the grounds in Section 11141. It is, nevertheless, true  that we have always held that, where there is a misjoinder both of causes of action and of parties, the defect may be taken advantage of either by motion in arrest or by demurrer, if the facts appear in the petition. *Mendenhall v. Wilson*, 54 Iowa 589, and cases therein cited. Moreover, the present Section 11130, Code of 1924, which converts a demurrer into a motion to dismiss, expressly includes "misjoinder of parties" as a ground of de-

murrer. The demurrer in this case was made under this section, and in the form of a motion to dismiss.

In view of our conclusion at this point, we have no occasion to consider whether the provisions of the trust deed were such as absolved the directors from statutory liability.

With the modification indicated in the first division hereof, the judgment of the district court is—*Affirmed.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.