## MOBLEY v. BAILEY et al.　(No. 3013.)

Court of Civil Appeals of Texas. Amarillo.
April 18, 1928.

**1. Brokers ⬦⟶66—That broker agreed to divide commission with another after promising plaintiff half to furnish land, buyer could not affect plaintiff's right to commission.**

In action for land sale commission by broker who had agreed with listing broker, the agreement being known to property owner,· that listing broker would divide his commission with plaintiff on plaintiff's procuring a purchaser for the property, that the listing broker had agreed to divide his commission with a third party after agreement with plaintiff for division could not affect plaintiff's right to such commission.

**2. Brokers ⬦⟶75—Owner paying certain claimants greater commission than required under brokerage contract could not use payment as defense against payment of another.**

Where landowner, who had listed his property for sale with a certain broker, knew of such broker's agreement with another broker, the plaintiff, to divide brokerage commission, if plaintiff would furnish a buyer, owner's paying certain commission claimants, including listing broker, greater commission than they would be entitled to because of the contract to divide commission with plaintiff, could not be used by owner as a defense against payment when sued for commission by broker furnishing purchaser.

**3. Brokers ⬦⟶88(1)—Directing verdict against vendor for commission for plaintiffs' helping vendor's broker, with vendor's knowledge, sell land for commission percentage, held proper.**

In action by real estate broker with whom the broker having land listed for sale had agreed to divide his commission if plaintiff would fur-

nish a buyer, such contract having been entered into between brokers with the knowledge of the vendor, directing verdict against vendor for the commission to which plaintiff was entitled under such contract *held* proper, even if he had overpaid other persons claiming commissions.

Error from Hale County Court; Geo. L. Mayfield, Judge.

Action by I. M. Bailey, and another, against I. N. Mobley, and others. Judgment for plaintiffs, and named defendant brings error. Affirmed.

Kinder & Russell, of Plainview, for plaintiff in error.

M. J. Baird, of Plainview, for defendants in error.

JACKSON, J. The defendants in error, whom we shall designate appellees, I. M. Bailey and A. F. Quissenberry, real estate brokers, composing the firm of Bailey Land Company, instituted this suit in the county court of Hale county, Tex., against J. W. Hembree, and R. P. Hare, doing a real estate business under the name of Olton Real Estate Company, and I. N. Mobley and W. F. Parish, to recover a portion of a commission for the sale and exchange of survey 25, block OT, in Lamb county, Tex.

Appellees allege that I. N. Mobley, the owner, listed said land with J. W. Hembree for sale and exchange, and promised to pay, in the event of a sale, 5 per cent. commission on the purchase price, and, in the event of an exchange, 2½ per cent. commission on the purchase price; that J. W. Hembree promised appellees a division of the commission, if they furnished a purchaser to whom the land was sold or exchanged.

Appellees allege an express contract of listing between I. N. Mobley and J. W. Hembree and an express contract between them and J. W. Hembree for a division of the commission, and, in the alternative, they allege an implied listing contract and an implied contract for the division of the commission; that I. N. Mobley, with full notice of the arrangements between them and J. W. Hembree, accepted their services in furnishing a purchaser, consummated the sale and exchange on the terms specified in the listing contract, and they were entitled to recover one-half of the commission earned on quantum meruit. They further allege that J. W. Hembree, R. P. Hare, and W. F. Parish are claiming some interest in the commission which is the subject-matter of the controversy. J. W. Hembree and R. P. Hare disclaimed any interest in the commission, and by order of the court were dismissed from the suit.

W. F. Parish filed no answer.

I. N. Mobley, plaintiff in error, hereinafter designated appellant, pleaded a general denial.

No question is presented as to the sufficiency of the pleadings of appellees to authorize them to recover on the implied contracts alleged.

At the conclusion of the testimony, the court peremptorily instructed the jury to find for the appellees the sum of $395, and, in accordance with such finding, entered judgment for appellees for said amount, from which judgment the appellant prosecutes this appeal, and assigns as error the action of the court in directing a verdict against him for the sum of $395.

It is uncontroverted that appellant was the owner of the land; that he listed it with J. W. Hembree for sale or exchange, and thereby impliedly promised to pay a commission of 5 per cent., if the sale was made, and a commission of 2½ per cent., if an exchange was effected; that an exchange and sale was consummated according to the terms of the listing contract, which sale and exchange was satisfactory to and accepted by appellant; that a commission of $795 was earned, and appellant was willing to pay that amount; that he knew that appellees claimed to have produced the purchaser; and that they claimed that they were interested in the commission. It is uncontroverted that appellees had an implied agreement with J. W. Hembree that they should receive one-half of the commission for furnishing the purchaser with whom the transaction was consummated; that appellant had agreed to the amount of the commission of $795, and placed in the bank money with which to pay the commission; that J. W. Hembree and R. P. Hare claimed an interest in the commission; that W. F. Parish claimed an interest therein, and that appellees claimed an interest therein; that, with full knowledge that all these parties were claiming an interest in the commission, he settled with all of them except appellees.

[1] The appellant claims, and offered testimony tending to show, that J. W. Hembree had promised to split the commission with W. F. Parish, who was the partner of appellant in the automobile business. The record, however, is uncontroverted that, if J. W. Hembree promised W. F. Parish to split the commission with him, such promise and agreement was made after the implied contract was made with J. W. Hembree by the appellees; hence J. W. Hembree having already contracted away one-half of the commission, his agreement, if such was made, with W. F. Parish could not have affected the interest of appellees in the commission, and the split promised by Hembree could have only been with reference to dividing the one-half of the commission that was still going to Hembree.

[2, 3] The appellant had the right to refuse to settle the commission with any of the claimants thereto until such claims and the amounts thereof were properly established, but if, in settling with the other parties, he

paid them, or any of them, more than they were entitled to, he did this at his own risk, and it would not be a defense to appellees' cause of action against him for the amount of commission which they were entitled to.

There is nothing in the record which tends to show that any representations or conduct of the appellees induced appellant to settle with the other parties, but it is unquestioned that appellees at no time made any concession relative to the amount to which they claimed to be entitled. As disclosed by the pleading and the testimony, there was no issue of fact to be submitted to the jury, and the court correctly directed a verdict for appellees.

The judgment is affirmed.