### WILSON v. RILEY.

### No. 3726.

Court of Civil Appeals of Texas. El Paso.

Oct. 13, 1938.

Rehearing Denied Nov. 23, 1938.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellant.

McCombs, Andress & Johnson, of Dallas, for appellee.

WALTHALL, Justice.

C. W. Riley, as plaintiff, brought this suit against R. M. Wilson, defendant, to recover commission for services rendered in the sale of a tract of land known as the Davis Ranch in Scurry County, Texas.

The pertinent facts alleged are to the effect that defendant owned the Davis Ranch land and listed it for sale with R. O. Yantis under the usual and customary agreement for the payment of a commission of five percent of the total consideration for which the land might be sold; that Yantis informed him (Riley) that he had the ranch land for sale, and that Riley informed Yantis that he had a purchaser for the ranch in the person of J. S. Criswell, and that he and Yantis agreed to equally divide the commission on a sale to Criswell; that Wilson thereafter called upon plaintiff in connection with the sale to Criswell and agreed that plaintiff should receive the share of commission as agreed with Yantis.

Plaintiff alleged the efforts he made in negotiating the sale of the ranch to Criswell; that as a result of his efforts Wilson and Criswell entered into a contract of sale of the ranch for a cash consideration of $37,500, and the sale was consummated as contracted; that Wilson refused to pay plaintiff his share of the commission, alleged in the first count to be $937.50.

In the alternative plaintiff adopted the allegations contained in the first count, and further alleged that if Wilson was not bound by the express contract to pay a commission of two and a half percent of the sale price of the ranch, Wilson obtained the use and benefit of his efforts in consummating the sale of the ranch to Criswell for the price stated; that Criswell was located through the efforts of plaintiff; that in his efforts to consummate the sale, plaintiff, with Yantis, took Criswell to the ranch for its inspection; and alleged other efforts and expenditures of money in the amount of $300, in bringing about the sale, with the knowledge of Wilson, and his expectation of receiving a share of the commission.

Plaintiff in the second count alleged the reasonable value of his services in negotiating the sale at $637.50, over and above the expenses stated, and for which he asked judgment.

Defendant Wilson answered by general demurrer, which it seems was not presented to or passed upon by the court; general denial; that Yantis was the only agent he authorized to sell the ranch and to whom he paid the entire commission; denied that plaintiff was the procuring cause of the sale of the ranch; denied that he had knowledge of plaintiff's efforts to sell the ranch until the deal had been made, and denied that he agreed at any time to pay him any commission; that Yantis agreed to and did accept $750 as full commission, and in doing so was acting for himself and his undisclosed principal or partner.

The court overruled Wilson's motion for a new trial and Wilson appeals.

### Opinion.

On special issues submitted to the jury, the jury found from a preponderance of the evidence that Riley rendered services without which Wilson would not have sold his land to Criswell; Wilson had notice that Riley rendered service in procuring Criswell as a purchaser of the land; at the time of the notice to Wilson of the service rendered by Riley, Wilson knew that Riley was expecting compensation from him for said service; the reasonable value of the service rendered by Riley in procuring Criswell as a purchaser of the land is $750.

On the verdict as rendered the court rendered judgment in favor of Riley against Wilson in the sum of $875.50, with interest from date at six percent per annum, and costs.

Appellant submits as error the refusal of the court to submit to the jury issues

affirmatively pleaded by him covering his defense and upon which proof was offered. The issues tendered by appellant, and which the court refused to give are substantially: Did Riley and Yantis agree to divide equally the commission for selling the land to Criswell; did Wilson have actual knowledge from any source of such agreement to divide such commission prior to August 27, 1934; did Wilson have any knowledge of a claim by Riley for commission when he and Yantis agreed to the $750 commission. When the agreement by Yantis to accept $750 as commission was made, was it contemplated by Wilson and Yantis that such sum was in full for all commissions due by Wilson on account of the sale in question.

The court, in submitting the issues to the jury, submitted only the issues tendered by appellee in his alternative pleading, the second count in his petition; that is, that he found the appellee negotiated with the purchaser in effecting the sale; showed him the ranch; expended money in making the sale; that appellant had full knowledge of the facts and knew that appellee expected to receive his commission.

Appellee's suit is for one half of the alleged commission usually paid.

We do not find that Riley and Yantis were partners. Such issue was not submitted to nor requested to be submitted.

We have concluded that, under the evidence, the facts were sufficiently submitted. Conceding that Yantis was acting as agent for Riley in consummating the sale as contended by appellant, his agency must be conceded to be within the terms of their agreement that each would receive one half and not the whole of the commission, and especially would that be true, we think, when appellant knew of the service Riley had rendered and was rendering in the matter of sale, and knew, as found by the jury, that Riley was expecting compensation from him. There certainly was an implied promise that appellant would compensate Riley for the service, and not do as he did, pay the entire compensation, as he and Yantis reckoned it to be, to Yantis. Such payment does not impress us as being fair or in good faith.

We have considered the other propositions not discussed and see no necessity for doing so. They are overruled.

The case is affirmed.