**Joseph OSBEKOFF, Appellant,**

**v.**

**James MALLORY, Individually and as Mayor of the Town of LuVerne, and The Incorporated Town of LuVerne, Kossuth County, Iowa, Appellees.**

**No. 54329.**

Supreme Court of Iowa.

June 17, 1971.

H. A. Stoebe, Humboldt, for appellant.

Hutchison, Buchanan, Andreasen & McClure, Algona, for James Mallory, individually, appellee.

Kersten & Opheim, Fort Dodge, for Incorporated Town of LuVerne, and James Mallory as Mayor of Town of LuVerne, appellee.

MASON, Justice.

Joseph Osbekoff appeals from the trial court's ruling sustaining defendants' motion to dismiss his petition. Plaintiff instituted a law action against James Mallory individually and as mayor of the town of LuVerne and the incorporated town of LuVerne, stemming from certain alleged illegal acts of defendant Mallory July 5, 1969 while acting as magistrate in mayor's court in his official capacity as mayor of LuVerne.

In one division of his petition plaintiff seeks recovery on the theory Mallory, acting individually and purporting to act in his official capacity as mayor of LuVerne, wrongfully and maliciously committed oppression by taking possession of plaintiff's Pontiac Firebird automobile contrary to sections 740.3 and 714.1, Code, 1966. In a separate division he asks damages for conversion of his automobile by Mallory and by amendment in a third division he alleges as a ground for recovery abuse of process by oppression in public office in using the criminal process to collect a civil debt and in delivering his vehicle to a third person without plaintiff's consent.

Mallory individually filed motion to dismiss on the ground plaintiff had failed to plead facts upon which relief requested could be granted. After amendment to the petition defendants amended the previous motion on behalf of Mallory as mayor of LuVerne and the town of LuVerne and Mallory individually, incorporating therein all grounds urged in the original motion. As an additional ground defendants allege in the amended motion plaintiff's action seeks to recover damages against Mallory individually for action taken by him while he was acting judicially and within the sphere of his jurisdiction as mayor of Lu-Verne; that such action is within the immunity granted to courts and defendant is not liable in a civil action.

Defendants rely on Huendling v. Jensen, 168 N.W.2d 745 (Iowa 1969), in support of the amended motion.

The court in sustaining defendants' motion stated: ·

"For the purposes of defendants' motion to dismiss the court considers it conceded that as magistrate he had the right only to impose sentence by way of fine or jail confinement after plaintiff's plea of guilty; that his act in suspension thereof upon certain terms and conditions amounting to an attempt to collect a civil debt by the use of process was illegal and an abuse of process of the court; that said abuse of process was maliciously and knowingly done by defendant Mallory.

" \* \* \*.

"It appears to be the present law of this state that judicial immunity is extended to courts of limited jurisdictions, which includes mayor's court; that a mayor, when acting judicially and within the sphere of his jurisdiction, is not liable in a civil action for any error he may commit, even though he acts from impure or corrupt motives and exceeds his jurisdiction. If no liability attaches to defendant Mallory in either his individual or official capacity, then no liability attaches to the defendant town of LuVerne."

The statutes referred to in plaintiff's petition provide:

"740.3 Oppression in official capacity. If any judge or other officer, by color of his office, willfully and maliciously oppress any person under pretense of acting in his official capacity, he shall be fined not exceeding one thousand dollars, and imprisoned in the county jail not more than one year, and be liable to the injured party for any damage sustained by him in consequence thereof."

"714.1 Malicious injury to buildings and fixtures. If any person maliciously injure, deface, or destroy any building or fixture attached thereto, or willfully and maliciously destroy, injure, or secrete any goods, chattels, or valuable papers of another, he shall be imprisoned in the penitentiary not more than five years, or shall be imprisoned in the county jail not more than one year, or be fined not exceeding five hundred dollars, and be liable to the party injured in a sum equal to three times the value of the property so destroyed or injured."

In five assignments of error plaintiff urges various grounds in attacking the court's ruling sustaining defendants' motion to dismiss. One assignment is directed to the ruling as to division I, one as to the ruling on division II, two as to the ruling on division III, and in the remaining assignment plaintiff directs a separate and distinct attack at the court's ruling as to divisions I and III.

I. At one point in argument plaintiff maintains division III of his petition was added by amendment after the discovery depositions of plaintiff and Mallory were taken. He says these depositions are the basis for the cause of action asserted in this division and that therefore the depositions should be examined by the court "for elucidation." Although defendants concur

in the request, they express doubt as to the propriety of our doing so contending that only matters appearing in the pleading assailed are to be considered. They cite in support Harrison v. Allied Mutual Casualty Co., 253 Iowa 728, 730, 113 N.W.2d 701, 702 and Winneshiek Mutual Ins. Assn. v. Roach, 257 Iowa 354, 365, 132 N.W.2d 436, 443.

In the cited cases and in many later decisions this court has said, under our procedure a motion to dismiss is the successor to the demurrer and must be based upon matters urged in the pleading assailed, admitting their truth for purpose of testing their legal sufficiency. Facts not so appearing, except those of which judicial notice may be taken, must be ignored. The motion may not sustain itself by its own allegations of fact not appearing in the challenged pleading. In addition to the authorities collected in the two cited opinions see Hagenson v. United Telephone Company, 164 N.W.2d 853, 855 (Iowa 1969) and Ke-Wash Company v. Stauffer Chemical Company, 177 N.W.2d 5, 8–9 (Iowa 1970).

■ However, in the present case plaintiff is urging that we examine extraneous facts to support his petition when its sufficiency is questioned by defendants' motion. A motion to dismiss is directed to the pleadings as they stand. Except those facts of which judicial notice may be taken, the pleadings cannot be aided by evidence when subjected to a motion to dismiss for failure to state a claim on which any relief can be granted. See Kester v. Travelers Indemnity Co., 257 Iowa 1146, 1151, 136 N.W.2d 261, 264. We decline to accept plaintiff's invitation and consider validity of the court's ruling in light of the principle just stated.

We summarize the allegations of plaintiff's petition and the parties' contentions.

The court relied on Huendling v. Jensen, 168 N.W.2d 745 (Iowa 1969), in dismissing the petition, being of the opinion the doctrine of judicial immunity is to be extended to courts of limited jurisdictions including mayor's court.

II. In division I of his petition plaintiff alleged his automobile was involved in an accident in LuVerne while being operated by John Dana Selby; defendant Mallory, purporting to act in his official capacity and under cloak of authority, took possession of plaintiff's vehicle and retained the same even after plaintiff, through his agents, had made demand therefor on Mallory. Osbekoff further alleged Mallory's conduct constituted oppression in official capacity as described in section 740.3 and asked exemplary damages as authorized in section 714.1 because of the mayor's willful and malicious retention of the vehicle.

It must be acknowledged section 740.3 provides for criminal culpability and damages to a party injured by a judge or other officer who, by color of his office, willfully and maliciously oppresses any person under pretense of acting in his official capacity.

Plaintiff argues the court erred in refusing to recognize the existence and applicability of the statutory provision of "oppression in public office" since there is no exclusion or exemption for judicial officers under the terms of this section. He maintains the mayor as a minor magistrate had acquired no jurisdiction of plaintiff's property not on his person, there being no case pending before the court involving this plaintiff's property or property rights. Therefore, Mallory was without jurisdiction and not acting within the scope of judicial immunity from damages.

Section 714.1 prohibits maliciously secreting the chattels of another.

Although conceding it might be logically argued the mayor acted improperly or from corrupt motives and in excess of his jurisdiction, defendants contend the doctrine of judicial immunity must operate to bar damages for the alleged oppression in office.

In division I1 plaintiff seeks damages alleging his automobile had been converted by Mallory while purporting to act in his official capacity as mayor of LuVerne either to Mallory's own use or to the use of the town of LuVerne. Defendants assert as the ground for their motion to dismiss this division that the allegations of plaintiff's petition specifically relate to actions taken by Mallory while acting in his official capacity as mayor. The trial court appears to have accepted this view in its ruling by saying, "* * * Here the question of jurisdiction of the person was eliminated when plaintiff submitted voluntarily to the jurisdiction of the court by entry of his plea of guilty."

Defendants urge in support of the court's ruling dismissing this division that since Mallory had acquired jurisdiction while acting as a magistrate in the mayor's court of plaintiff's person, his taking possession of the automobile was in the exercise of his judicial duties.

Plaintiff insists the court's conclusion quoted, supra, required a finding that since the magistrate had acquired personal jurisdiction of Osbekoff by his plea of guilty to the misdemeanor charge, he thereby acquired jurisdiction of Osbekoff's property rights and anything he did thereafter including conversion of the same, would be within Mallory's jurisdiction as magistrate.

In challenging the court's dismissal of this division plaintiff points out there was neither a taking of his vehicle pursuant to any judgment, writ of execution or writ of replevin nor were there any proceedings involving such matters pending before the magistrate's court. He asserts the trial court's ruling that the doctrine of judicial immunity applied and neither the mayor nor the town on whose behalf he acted would be liable is predicated upon the assumption the magistrate had acquired jurisdiction. Plaintiff contends Mallory acquired no jurisdiction as magistrate of plaintiff's automobile under the criminal charge and therefore acted without jurisdiction of plaintiff's property and was not entitled to the protection of judicial immunity.

Plaintiff alleged in division III he had entered a plea of guilty to a nonindictable criminal charge filed in Mallory's court; that Mallory acting as mayor imposed a 30-day jail sentence and a fine of $100 and costs on plaintiff's plea of guilty but suspended the jail sentence and a portion of the fine upon condition plaintiff pay Mallory an account owed doctor David Schudter, another civil debt to St. Ann's Hospital of Algona and still another for ambulance service transporting plaintiff from LuVerne to Algona and pay the unsuspended portion of the fine. Plaintiff further alleged when he advised the mayor of his inability to pay the fine, Mallory imposed an additional condition upon him that his automobile, then in Mallory's possession, would remain in the mayor's possession in the LuVerne town hall until the fine was paid along with the civil debts specified. Plaintiff also alleged he paid the unsuspended portion of the fine and costs July 11 when he renewed his demand for return of his automobile which Mallory refused.

Between the 8th day of August and the 28th day of August Mallory, purporting to act in his official capacity as mayor of LuVerne, released plaintiff's automobile to Bjornson Pontiac of Humboldt, Iowa without plaintiff's authority. Bjornson still retained possession of the automobile at the time of the filing of the petition. Plaintiff contends Mallory's actions knowingly and maliciously done constitute an abuse of process in attempting to collect a civil debt by the illegal use of process and the court erred in extending judicial immunity to a suit based either upon the theory of oppression in public office or upon the theory of abuse of process.

In attacking the court's ruling as to this division plaintiff repeats many of the assertions urged as to the ruling on division I.

Defendants in response to each of plaintiff's assignments of error and his arguments contend that because Mallory had acquired jurisdiction as magistrate over Osbekoff's person and the criminal offense of which he was convicted, the taking of the automobile was in connection with the exercise of Mallory's judicial duties and he is not liable in a civil action for his conduct under the factual circumstances alleged in plaintiff's petition.

III. The question for determination is whether under the pronouncement made in Huendling v. Jensen, 168 N.W.2d 745 (Iowa 1969), it appears to a certainty plaintiff has failed to state a claim on which any relief may be granted under any state of facts which could be proved in support of the claims asserted by him.

In Huendling plaintiff's wife had cashed a check at a Denison supermarket drawn on her husband's account in the Breda Savings Bank, Breda, Iowa. She signed both her husband's name and her name to the check. The check was deposited by the supermarket manager in a Denison bank and later returned with the notation "wrong bank" on it. Although plaintiff had a substantial balance in his checking account in the Breda Bank at all times and the check would have been cleared any time had it been properly presented, it was turned over to Servoss, a justice of the peace for collection. The justice of peace had the manager of the supermarket sign a preliminary information charging plaintiff with the crime of signing, drawing and uttering a check. He issued a warrant for plaintiff's arrest on this information. Huendling was arrested and brought before Servoss who suggested he plead guilty.

Huendling then brought action on the theory of false arrest. Trial to the court resulted in judgment against Servoss and he appealed.

After an extensive review of authorities the majority of this court reversed and held the doctrine of judicial immunity extended to courts of limited jurisdiction, including justices of the peace when acting judicially and within the sphere of his jurisdiction. We said under the circumstances presented the magistrate was immune even though he exceeded his jurisdiction, lacked probable cause and was motivated by malice and corruption.

A justice of the peace has authority to hear preliminary informations and issue warrants. Sections 748.1 and 748.2, The Code. The legislature has prescribed the criminal and civil jurisdiction of a mayor's court in sections 367.4 and 367.5, The Code.

The question of Servoss' jurisdiction of the subject matter and Huendling's person was not an issue. Lack of probable cause for issuance of the warrant and use of the criminal process in collecting a civil debt were the grounds urged against the extension of the doctrine of judicial immunity to the facts in the cited case. We said at 168 N.W.2d 748, "The basic question for our determination is whether a justice of the peace who requires a preliminary information and issues an arrest warrant as part of his regular procedure for collecting bad checks for a 20 percent commission is protected by judicial immunity when there was no probable cause for the issuance of the warrant."

As will be readily observed from the summarization of plaintiff's contention set out, supra, he does not assert Mallory lacked jurisdiction to hear and determine the nonindictable criminal charge filed nor does he maintain the mayor lacked jurisdiction of his person as related to the criminal charge when he entered a plea of guilty. In fact, plaintiff makes no issue of Mallory's conduct in imposing the maximum fine *and* maximum penalty on conviction which was clearly in excess of Mallory's jurisdiction.

In arriving at our decision in this matter we do not depart in any way from our holding in Huendling v. Jensen

that the doctrine of judicial immunity extends to courts of limited jurisdiction. But, when a minor magistrate acts wholly without jurisdiction, civil liability attaches for his malicious and corrupt abuse of process and his willful and malicious oppression of any person under the pretense of acting in his official capacity. See Huendling v. Jensen, 168 N.W.2d at 749 and authorities cited.

■ Plaintiff did not voluntarily submit to the jurisdiction of the mayor's court to deal with his property. His mere presence in Mallory's court in answer to the criminal charge did not give the mayor, acting as a magistrate, jurisdiction in any proceeding to hear and determine Osbekoff's property rights in the Pontiac Firebird. No matter was pending in the magistrate's court involving this plaintiff's property rights in the vehicle. As plaintiff points out in argument no process had been issued by the mayor's court justifying seizure of Osbekoff's automobile.

We do not agree with the trial court's determination that the question of the magistrate's jurisdiction of Osbekoff's person to deal with his property rights was eliminated when he voluntarily entered a plea of guilty to the criminal charge.

■ We reject also defendants' contention the taking of Osbekoff's vehicle by Mallory was in the exercise of the mayor's judicial duties.

The court erred in extending the doctrine of judicial immunity to the factual circumstances presented by this record. They are distinguishable from those in Huendling v. Jensen. The pronouncement made in that case is not controlling here.

By this decision we only decide it does not appear to a certainty plaintiff has failed to state a claim on which any relief may be granted under any state of facts which could be proved in support of the claims asserted by him.

Of course, in reaching this conclusion we have considered only those matters pre-served in the trial court and properly presented as questions for review in this court.

Except for the proposition considered in this opinion nothing said is to be interpreted or construed as limiting the right of either defendant to assert any defense either may have to plaintiff's theories of recovery.

With directions to the trial court to set aside its ruling sustaining defendants' motion to dismiss plaintiff's petition and to proceed in this matter in accordance with the Iowa Rules of Civil Procedure, the case is

Reversed and remanded.

All Justices concur except REYNOLDSON, J., who takes no part and RAWLINGS, J., who concurs in the result.