Don WHEELER, Appellant,

v.

John WALLER et al., Appellees.

No. 54963.

Supreme Court of Iowa.

May 11, 1972.

Piper & Mumm, Missouri Valley, for appellant.

Woodford R. Byington, Malvern, for appellees Waller.

Edgar E. Cook, Glenwood, for appellee Nelson.

UHLENHOPP, Justice.

The question to be decided is whether, under the circumstances alleged in the petition, a realtor is entitled to share in a real estate commission when the owners of land sell the land through a second realtor who was asked by the first realtor to show the property to a prospect.

The appeal is from orders sustaining motions to dismiss the petition. We therefore examine the petition to determine whether "it appears to a certainty plaintiff has failed to state a claim on which any relief may be granted under any state of facts which could be proved in support of the claims asserted by him." Osbekoff v. Mallory, 188 N.W.2d 294, 299 (Iowa). Since a motion to dismiss admits the allegations of the petition attacked, we assume the truth of such allegations—but only, of course, for the purpose of the motion. Plaintiff Don Wheeler alleges the following in the petition before us.

Wheeler and defendant Clifford Nelson held Iowa real estate brokers' licenses. Defendants John and Ethel Waller owned a large farm in southwest Iowa. Wheeler obtained from the Wallers an exclusive ten-day written listing to sell the farm for $496,000. Wheeler was to receive a 5% commission on the list price or on any other price that the Wallers accepted during the ten days or within 90 days thereafter if they sold to a person to whom Wheeler had shown the property during the ten

days and whose name he had given the Wallers in writing. The Wallers specially requested that Wheeler notify Nelson of the listing. Wheeler (and apparently the Wallers too) knew that a Montana banker named Nichlos was attempting through Nelson to buy a large Iowa farm.

Wheeler promptly informed Nelson, through Nelson's wife, of his exclusive listing and inquired whether Nelson would like to show the farm to Nichlos. Nelson accepted Wheeler's offer and contacted the Wallers and Nichlos. The Wallers believed that Nelson was cooperating with Wheeler.

From previous dealings and usages of the trade, both Wheeler and Nelson understood that realtors split the commission if a broker who has a property listed asks a second broker to help sell it and the second broker sells it.

Wheeler and Nelson were in frequent contact during the ten days of the listing, but during such period Nelson prevented Nichlos from seeing the farm and did so with the intention of defrauding Wheeler out of his share of the commission by waiting until Wheeler's listing expired.

After the ten days had elapsed, Nelson effected a sale of the farm by the Wallers to Nichlos. In order to do so, Nelson persuaded the Wallers to take less than the list price and he himself accepted less than 5% commission.

Wheeler demands $12,250 of Nelson and the Wallers as half of the commission, and also $7,500 of Nelson as punitive damages.

The parties argue a number of legal questions, but we find two issues to be determinative. Under the allegations of the petition, did Nelson violate a duty to Wheeler by waiting to show and sell the farm to Nichlos until the ten-day written listing had expired? Did the Wallers violate a duty to Wheeler rendering them liable to him for half of the commission?

■ I. *Nelson's Liability.* As a general rule, when a broker has a property listed for sale and asks a second broker to help him sell it and the latter accordingly sells it and collects a commission, the second broker must divide the commission with the first broker. The second broker owes a duty of good faith and cannot place his own interests ahead of those of the first broker. Cases of that kind are numerous. Anno. 171 A.L.R. 1012, 1014; see 46 Am. Jur.2d Joint Ventures § 22 at 44–45; 12 C.J.S. Brokers § 81 at 176–178.

Usually the facts are such as to bring the two brokers within the relationship of joint adventurers or of principal and agent, where a fiduciary duty is well established. E. g., Dillard v. Wheelock, 215 Ala. 195, 110 So. 278 (joint venture); Mann v. Jones, 233 S.W. 989 (Tex.Civ.App.) (principal and agent). Here, however, Wheeler had the farm listed for sale, Nelson had a prospect, Wheeler simply asked if Nelson wanted to show the farm to that prospect, and Nelson accepted. We doubt that on such allegations a joint venture or agency in the conventional sense would arise. See Pay-N-Taket, Inc. v. Crooks, 259 Iowa 719, 145 N.W.2d 621. Does this mean that Nelson was under no duty of good faith toward Wheeler? We cannot accept such a proposition.

■■ When a broker invites a second broker to show a property, he takes the second broker into his confidence to some extent. If the second broker accepts, the first broker has a right to expect that the second broker will not breach that confidence but will act in their mutual interest. This duty of good faith is not limited to the familiar categories such as partnership, joint venture, and agency; it permeates the law wherever a relationship of trust and confidence exists. As stated in 37 Am.Jur. 2d Fraud & Deceit § 15 at 38–39:

> Where a confidential or fiduciary relationship exists, it is the duty of the person in whom the confidence is re-

posed to exercise the utmost good faith in the transaction, to make full and truthful disclosures of all material facts, and to refrain from abusing such confidence by obtaining any advantage to himself at the expense of the confiding party.

See also 37 C.J.S. Fraud § 2c(2) at 213.

Statements of the principle have been made in terms broader than partnership, joint venture, or agency—although the particular connection between the two individuals is sometimes described as akin to those relationships. The court said this regarding two brokers, in Moore v. Sussdorf, 421 S.W.2d 460, 465 (Tex.Civ.App.):

> It has also generally been held that the relationship thus created is in the nature of a particular partnership and is governed by most of the same principles which apply to partnerships, including a fiduciary relationship, requiring each member to exercise the highest degree of good faith toward the other.

See in addition Nutter v. Bechtel, 6 Ariz. App. 501, 505, 433 P.2d 993, 997 ("something in the nature of a joint enterprise, giving rise to certain fiduciary duties between the contracting brokers"); Arnold v. Humphreys, 138 Cal.App. 637, 643, 33 P.2d 67, 70 ("a fiduciary relationship existing between the parties requiring each member to exercise the highest degree of good faith towards the others"); Mann v. Jones, 233 S.W. 989 (Tex.Civ.App.); 12 C.J.S. Brokers § 81 at 177 ("After such an agreement has been entered into [to share a commission], the parties must deal fairly and in good faith with each other.").

■ We conclude that although the relationship between Wheeler and Nelson may not fall neatly into some traditional slot such as joint venture or agency, if on trial Wheeler establishes that Nelson accepted Wheeler's offer but then deliberately withheld showing and selling the farm to his prospect until the written listing had expired, a breach of good faith will be es-tablished and Nelson will be liable for half the commission to Wheeler—absent other facts or defenses not now appearing in the pleadings. Nelson's motion to dismiss the petition as to him should have been overruled.

II. *Wallers' Liability.* The situation is different as to the Wallers. They and Wheeler stood in the relationship of principal and agent. Several duties on the part of a principal exist, but no breach of any duty is alleged here.

■ One duty of a principal is to perform his contract with his agent. Restatement, Agency 2d § 432. Here the contract between the Wallers and Wheeler was in writing and does not appear to have been changed after it was made. During the ten-day period of the listing, Wheeler neither produced a buyer nor showed the farm to a prospect to whom Wallers subsequently made a sale.

■ Again, if an agent produces a buyer within the period of the listing, the principal cannot escape a commission by holding off closing the deal with the buyer until the listing has lapsed. Reynor v. Mackrill, 181 Iowa 210, 164 N.W. 335. But Wheeler does not allege he produced a buyer within the prescribed time or that the Wallers held off dealing with the buyer with the intention of closing the transaction later.

■ In addition, a principal is liable to his agent for half of the commission if the principal acts in complicity with a second agent to deprive the first agent of his half of the commission, or even if the principal merely pays the commission to the second agent knowing the latter to be under a duty to share the commission with the first agent. Wilson v. Riley, 122 S.W. 2d 692 (Tex.Civ.App.); Mobley v. Bailey, 5 S.W.2d 778 (Tex.Civ.App.); 12 C.J.S. Brokers § 81 at 178. Here, however, the farm was sold after Wheeler's listing had expired and Wheeler does not allege complicity on the Wallers' part or knowledge

by them, when they paid Nelson, that Nelson was obligated to divide the commission with Wheeler. See Ranney v. Donovan, 78 Mich. 318, 44 N.W. 276. We regard Wheeler's allegations that the Wallers requested him to contact Nelson, that they thought Nelson had a prospect, and that they believed Nelson was cooperating with Wheeler as insufficient to allege complicity by them or knowledge at the time the commission was paid that Nelson was required to split it with Wheeler. Wheeler at no place alleges the Wallers knew that Nelson withheld showing and selling the farm to Nichlos until the listing ran out or that the Wallers knew when they paid Nelson that Wheeler was entitled to half of the commission.

Wheeler has alleged no facts showing liability of the Wallers to him. The Wallers' motion to dismiss the petition as to them was rightly sustained.

The question of the parol evidence rule need not be taken up; Wheeler is not seeking to hold Nelson as a party to the written listing, but rather for breach of good faith arising from the subsequent oral arrangement between Wheeler and Nelson. See Smith v. Conn, 163 N.W.2d 407 (Iowa).

We are satisfied that Nelson and the Wallers were properly joined as defendants under our present broad rule on joinder of defendants. Formerly, joinder of defendants was limited by restrictions on joinder of actions. McPherson v. Commercial Building & Securities Co., 206 Iowa 562, 218 N.W. 306. Presently, however, joinder of defendants and joinder of actions depend on the same broad test—the same transaction, occurrence, or series of transactions or occurrences, when any question of law or fact common to all of them is presented or involved. Rules 23, 24(a), Rules of Civil Procedure. See Dutcher, Joinder of Parties and Actions, 29 Iowa L.Rev. 3. Here the joinder of defendants and actions meets the test. Misjoinder of the parties is not ground for

dismissal of the action in any event. Rule 27(a), R.C.P.

The action was properly dismissed as to the Wallers but must be remanded for further proceedings as to Nelson.

Affirmed in part, reversed in part, and remanded.

All Justices concur except McCORMICK, J., who takes no part.