Richard L. RICK and Carol C. Rick,
Appellants,

v.

Charles W. BOEGEL, Jr., Appellee.

No. 54875.

Supreme Court of Iowa.

March 28, 1973.

Richard L. Rick, of Des Moines, pro se and for appellant Carol C. Rick.

Keyes & Crawford by Alvin G. Keyes and William R. Crary, Cedar Rapids, for appellee.

Heard before MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

Plaintiffs, on December 24, 1970, filed their petition in this law action seeking to gain possession of certain stock certificates, or alternatively, the value of the shares of stock represented by the certificates. Plaintiffs alleged Thelma Langley Boegel (hereinafter decedent) had owned the stock and during her lifetime had as-signed and transferred ownership by separate written instruments to plaintiffs, decedent's son and daughter-in-law.

Plaintiffs alleged decedent kept the stock certificates in a safety deposit box jointly leased by her and her husband (defendant here) and following transfer to them, decedent retained these certificates in the box for fear her husband would physically beat her if he discovered the transfer. Plaintiffs pleaded defendant refused to deliver the certificates to them upon proper request. Plaintiffs' petition was filed after decedent's death but prior to appointment of any administrator or executor of decedent's estate.

On January 15, 1971, defendant filed a petition in probate asking for his appointment as temporary administrator of decedent's estate. The petition was granted.

On January 22, 1971, defendant filed an answer to plaintiffs' law petition which denied plaintiffs were owners of the stock. On the same day, defendant, as temporary administrator, filed a petition of intervention alleging the stock was an asset of decedent's estate because the assignments, unaccompanied by delivery of the certificates, were ineffective to transfer ownership to plaintiffs.

On February 2, 1971, plaintiffs filed a motion to dismiss the petition of intervention alleging appointment of defendant as temporary administrator was a void ex parte procedure. They further alleged if the assignment was valid the stock would not be an asset of the estate, and defendant, as an individual, was the only one who had an interest in having the estate a party to the law action since plaintiff, Richard L. Rick, and defendant were the sole heirs or intestate beneficiaries of decedent's estate.

On March 5, 1971, defendant filed a motion to dismiss plaintiffs' petition as to him individually. Defendant's motion alleged he had made no claim to the stock individually except as a beneficiary of decedent's

estate. He asserted he was not a necessary party because the certificates had been delivered to decedent's personal representative as estate assets. Therefore, defendant contended, no valid claim against him had been stated in plaintiffs' petition.

On March 12, 1971, combined hearing was held on the numerous and prolix motions pending in the instant law action and the related probate proceeding. On March 22, 1971, trial court entered its order and rulings on motions. This disposition removed the temporary administrators (in all, three such fiduciaries had been ultimately appointed), appointed Merchants National Bank as executor, sustained plaintiffs' motion to dismiss the petition of intervention filed in the law action, and sustained defendant's motion to dismiss plaintiffs' petition as to him individually. Numerous other portions of trial court's ruling attempted to posture the litigation to the end that the real issue—ownership of the stock—could be determined. Apparently, this satisfied none of the parties.

On April 20, 1971, plaintiffs, not knowing whether trial court's order of March 22 was final or interlocutory, filed application for permission to bring an interlocutory appeal to this court. On April 29, 1971, Merchants National Bank filed its declination to serve as executor. On June 8, 1971, the application for interlocutory appeal was granted allowing both plaintiffs and defendant to appeal from so much of trial court's order as each party deemed prejudicial. This appeal followed.

■ These litigants confine their efforts to two issues: 1) whether trial court erred in dismissing plaintiffs' petition as to defendant individually, and 2) whether trial court erred in dismissing the petition of intervention filed by the defendant as temporary administrator. Of course our review of this law action is confined to errors properly assigned and argued. Rule 344, Rules of Civil Procedure; Copeland v. Stewart, 203 N.W.2d 195 (Iowa 1972).

I. *Proper party defendant.*

We treat plaintiffs' appeal first. Plaintiffs assert trial court erred in sustaining defendant's motion to dismiss as to defendant individually. We agree and reverse.

■ Initially we note several general principles applicable when ruling on a motion to dismiss. A motion to dismiss should be sustained only when it appears to a certainty that plaintiff has failed to state a claim on which any relief may be granted under any state of facts which could be proved in support of the claims asserted in the petition. Iowa Truck Center, Inc. v. Davis, 204 N.W.2d 630 (Iowa, filed Feb. 21, 1973); Wheeler v. Waller, 197 N.W.2d 585 (Iowa 1972); Dragstra v. Northwestern State Bank of Orange City, 192 N.W. 2d 786 (Iowa 1971); Osbekoff v. Mallory, 188 N.W.2d 294 (Iowa 1971). For the purpose of testing the legal sufficiency of a petition all its well pleaded facts are assumed true. Id.

■ A motion to dismiss may not be supported by its own allegations of fact, not contained in the petition under attack. Griffith v. Red Oak Community School District, 167 N.W.2d 166 (Iowa 1969); McCarthy v. McCarthy, 162 N.W.2d 444 (Iowa 1968); Bales v. Iowa State Highway Commission, 249 Iowa 57, 86 N.W.2d 244 (1957).

■ When the petition is not attacked until after answer, the petition will be liberally construed in favor of plaintiff so as to effectuate justice, and pleader will be given advantage of every reasonable intendment. Iowa City v. Muscatine Development Company, 258 Iowa 1024, 141 N. W.2d 585 (1966); Ontario Livestock Commission Co. v. Flynn, 256 Iowa 116, 126 N.W.2d 362 (1964).

■ Motions to dismiss for failure to state a claim upon which relief can be granted must clearly specify wherein the pleading attacked is insufficient. Ke-Wash Company v. Stauffer Chemical Com-

pany, 177 N.W.2d 5 (Iowa 1970); Hagenson v. United Telephone Company, 164 N.W.2d 853 (Iowa 1969); Wernet v. Jurgensen, 241 Iowa 833, 43 N.W.2d 194 (1950); Wright v. Copeland, 241 Iowa 447, 41 N.W.2d 102 (1950).

█ If any ground asserted in a motion to dismiss is good, trial court's ruling sustaining motion will be affirmed on appeal, even though ground upon which trial court based its ruling was not good. In re Lone Tree Com. School Dist. of Johnson & Louisa, 159 N.W.2d 522 (Iowa 1968); Crawford v. City of Des Moines, 255 Iowa 861, 124 N.W.2d 868 (1963). However, sustention of a motion to dismiss will not be upheld on a ground not asserted in trial court. Thompson v. Burke Engineering Sales Co., 252 Iowa 146, 106 N.W.2d 351 (1960); American Mutual L. Ins. Co. v. State Auto. Ins. Ass'n, 246 Iowa 1294, 72 N.W.2d 88 (1955).

We now turn to the application of these general rules to the issue at hand. Eliminating all new factual allegations contained in defendant's motion to dismiss, the only specific ground stated in support of the motion was that defendant, as an individual, was not a necessary and proper party to the action. We need not determine whether the motion to dismiss was the proper mode of raising the issue, because we agree with the plaintiffs on the merits.

██ Plaintiffs in essence pleaded an action in replevin. See chapter 643, The Code. The issue in replevin is the right to possession of the property on the date the action is commenced. Iowa Truck Center, Inc. v. Davis, supra; Marx Truck Line, Inc. v. Fredricksen, 260 Iowa 540, 150 N.W.2d 102 (1967); Cassel v. Western Stage Company, 12 Iowa 47 (1861); Kingsbury v. Buchanan, 11 Iowa 387 (1860). When both parties claim ownership of property in dispute, right of possession depends on ownership, and if nothing further appears, it is presumed that the owner is entitled to possession. Varvaris v. Varvaris, 255 Iowa 800, 124 N.W.2d 163 (1963).

In neither his motion to dismiss nor on appeal does defendant argue that ownership of stock can not be transferred without manual delivery of the certificates. That issue is not effectively raised in this appeal, so we do not decide it. But assuming as true all allegations of plaintiffs' petition, ownership of the investment securities was transferred to plaintiffs during decedent's lifetime, and therefore the personal representative of decedent had no right to possession of the certificates. Cf. § 633.351, The Code.

█ When plaintiffs' petition was filed no personal representative of decedent had been appointed. According to the record available to us there is no actively serving personal representative at this time. Prior to filing their petition plaintiffs demanded delivery of certificates from defendant. Defendant failed to comply. Since at the time of the petition defendant had not yet been appointed as personal representative, the interest in the property he asserted by not complying with the demand must have been as an individual. We conclude that defendant, as an individual, was a proper party to this action. The case of Herd v. Herd, 71 Iowa 497, 32 N.W. 469 (1887) supports our conclusion. See generally Annot., 42 A.L.R.2d 418, 437–41. Trial court erred in sustaining defendant's motion to dismiss on any of the grounds stated in the motion.

II. *Temporary administrator's intervention.*

█ We now treat defendant's appeal as temporary administrator and intervenor. His standing to appeal in that capacity, having been discharged, is not put in issue by plaintiffs. Defendant contends trial court erred in sustaining plaintiffs' motion to dismiss the temporary administrator's petition. The right to intervene in an action is usually raised by a motion to strike, or dismiss, the petition of intervention. Morse v. Morse, 247 Iowa 1113, 77 N.W.2d 622 (1956). In this instance we agree with

defendant that the temporary administrator had the right to intervene, and reverse.

 Our determination that defendant, as an individual, was a proper party, does not preclude the defendant, as subsequently appointed temporary administrator, from intervening. The test of right of intervention is "interest", not necessity. Rule 75, R.C.P.; Schimerowski v. Iowa Beef Packers, Inc., 196 N.W.2d 551 (Iowa 1972); State ex rel. Turner v. Iowa State Highway Com'n, 186 N.W.2d 141 (Iowa 1971). An interested party may intervene at any time prior to trial. Rule 75, R.C.P.

 To test the legal sufficiency of a petition of intervention, all allegations of that petition are assumed true. See 67 C. J.S. Parties § 71(b), at pp. 1015–1016. The petition of intervention alleged decedent owned the stock at the time of her death. We can conceive of circumstances which under the pleadings might be proven to establish this ultimate factual allegation. Assuming that the stock was decedent's property at the time of her death, then decedent's personal representative had an obligation to take possession of the certificates. See § 633.351, The Code ("Every personal representative shall take possession of all the personal property of the decedent * * *.")

The "interest" of the personal representative is obvious. In order to properly perform his fiduciary duty he must know who owns the stock and thus who has the right to possession. The personal representative is entitled to an expeditious determination of this issue which is binding on the estate in order that he may claim or disclaim the property.

 Since intervention is remedial and is to be liberally construed to reduce litigation and expeditiously determine matters before the court, we hold the intervenor chose a proper mode of obtaining a binding determination of the issue. See Schimerowski v. Iowa Beef Packers, Inc., supra;

Peters v. Lyons, 168 N.W.2d 759 (Iowa 1969); cf. § 643.4, The Code.

 Although we have treated the merits of the intervention, we now note that plaintiffs' motion to dismiss petition of intervention failed to clearly specify how the petition of intervention was deficient. The grounds asserted in the motion to dismiss consisted mainly of affirmative factual allegations. When ruling on the motion to dismiss, such factual allegations should be ignored. Trial court erred in sustaining plaintiffs' motion to dismiss intervention on the grounds asserted.

As guidance to trial court on remand we point out that when a permanent and impartial personal representative is found he may be substituted as intervenor. See Rule 20, R.C.P. Trial court under certain circumstances has power to order pleadings to be recast or corrected. Rule 81, R.C.P.

Reversed and remanded on both appeals.