**Joseph A. BORGEN, Appellant,**

v.

**Frank B. ANDERSON and The Des Moines Area Community College Higher Education Association, Appellees.**

**No. 84–937.**

Supreme Court of Iowa.

April 17, 1985.

Edgar H. Bittle, Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, Des Moines, for appellant.

James L. Sayre of Sayre & Gribble, P.C., Des Moines, for appellees.

HARRIS, Justice.

Does our holding in *Shenandoah Education Association v. Shenandoah Community School District,* 337 N.W.2d 477 (Iowa 1983) apply as well to teacher termination *recommendations?* The trial court held that it does and we agree.

Iowa law provides two alternative means of resolving disputes over teaching contract terminations. The more traditional method is given by Iowa Code sections 279.15 through 279.18. Of more recent vintage is an arbitration procedure agreed to in collective bargaining agreements as authorized in Iowa Code chapter 20.

In *Shenandoah* both procedures had been invoked with opposite results. A teacher's contract was terminated in accordance with the chapter 279 procedure and the termination was upheld by the adjudicator selected pursuant to section 279.17. The same contract was subject to arbitration under a procedure specified in a collective bargaining agreement. Under the arbitration procedure termination was disallowed. When the conflicting resolutions were appealed they were consolidated and we had to decide which resolution prevailed. A majority of this court concluded that, the parties having so provided by contract, the arbitration procedure took precedence. 337 N.W.2d at 480–81.

Plaintiff is superintendent of the Des Moines Area Community College, a school corporation organized pursuant to chapter 280A. Defendant Anderson is a teacher under contract with the college pursuant to section 279.13. Defendant Des Moines Area Community Higher Educational Association (the association) is the exclusive bargaining representative for teachers at the college. Because of declining enrollment the college considered eliminating Anderson's position.

When teaching contract terminations are contemplated a statute requires an early notice to the teachers involved in order to accord them ample time, if so inclined, to defend. Section 279.15(1) provides:

> The superintendent ... shall notify the teacher not later than March 15 that the superintendent will recommend in writing to the board at a regular or special meeting of the board held not later than March 31 that the teacher's continuing contract be terminated effective at the end of the current school year.

Other subsections specify the manner and the general form of a written notice, make the teacher's personnel school file available, and accord the teacher the right to demand a hearing.

On February 16, 1984, Anderson received a notice according to this section advising

that the superintendent would recommend termination of his position. The following day Anderson requested a hearing. He also proceeded to defend against termination under the grievance provisions of the collective bargaining agreement which had been entered on his (and others') behalf by the college and defendant association.

With the two defensive procedures thus in place Anderson requested an indefinite continuation of all statutory termination proceedings on the claim they should yield to the collective bargaining agreement.

Plaintiff resisted, arguing the collective bargaining agreement did not govern his termination recommendation. Plaintiff vigorously contends the bargaining agreement has not been violated, that the section 279.-15 notice is only a recommendation and "there has been no action taken by the board."

The trial court, ruling in favor of Anderson, relied on our opinion in *Shenandoah.* The ruling stated:

This being the case this court interprets *Shenandoah* as standing for the proposition that the chapter 279 proceedings should be deferred once such proceedings have been initiated by the recommendation of the superintendent and the teacher has elected to pursue resolution of the dispute concerning his termination through the negotiated procedures of the collective bargaining agreement. Any other reading of the *Shenandoah* case could result in the type of "inconsistent decisions," "duplicate proceedings," and "unnecessary hearings" to be avoided under the *Shenandoah* guidelines.

■ I. We agree with Anderson, and the trial court, that this lawsuit is controlled by the rule which gives grievance termination procedures precedence over the statutory ones. Although there is obviously much to be said for both sides of the question, plaintiff's contentions here are largely the same ones rejected by our *Shenandoah* majority. There is no logical way to draw a line between that holding and plaintiff's position here.

A reversal of the trial court would commit Anderson to the hearing contemplated in section 279.15 and 279.16; according to plaintiff it is only after such a hearing that arbitration is appropriate. Such a result would frustrate our goal in *Shenandoah* of avoiding unnecessary hearings.

■ A notice under section 279.15 is no mere casual rumination. Whatever criticisms prompted the plaintiff to give Anderson the notice it comes down to the fact that the employer has already instigated a discharge. Any hearing before the board pursuant to the notice would be adjudicatory. If the board acts in favor of discharge all that follows will amount to review. The trial court was correct in ruling that the statutory termination proceedings should be deferred.

■ II. Plaintiff challenges the trial court ruling on the basis of another provision in the bargaining agreement, a thirty-day layoff provision. It states:

Employees on specially funded contracts to be reduced will be notified at least thirty (30) days prior to the date upon which a reduction in force will take effect.

There is no record to support plaintiff's assertion on appeal that some teaching positions are specially funded from uncertain sources. Plaintiff concedes that Anderson's position was not specially funded and that his termination was not grounded on the thirty-day provision. He raises the point merely to assert a claimed inconsistency.

The trial court, relying on *Bruton v. Ames Community School District,* 291 N.W.2d 351 (Iowa 1980), held that all termination proceedings, including those under the thirty-day layoff provision, must be initially commenced pursuant to section 279.-15.

Plaintiff thus challenges as inconsistent our *Shenandoah* and *Bruton* holdings, arguing that the association "simply cannot have it both ways." We do not agree that the association is having it both ways.

What plaintiff sees as an inconsistency or anomaly actually is merely the necessary accomodation of separate termination procedures, one specified by statute and the other authorized by statute.

Chapter 279 is to be interpreted with chapter 20 in mind. The collective bargaining agreements authorized in chapter 20 can provide for arbitration. If this is done the chapter 20 arbitration proceeding takes precedence over the purely statutory proceeding under chapter 279. But for either procedure to be invoked there has to be an issue, and a starting point. *Bruton* stands for the proposition that there is but one starting point; it is to be found in section 279.15.

There was no error.

AFFIRMED.

All Justices concur except REYNOLDSON, C.J., and McGIVERIN and SCHULTZ, JJ., who dissent.

McGIVERIN, Justice (dissenting).

For the reasons stated in my concurrence in part and dissent in part in *Shenandoah Education Association v. Shenandoah Community School District*, 337 N.W.2d 477, 483–86 (Iowa 1983), I respectfully dissent from the majority opinion here.

To give any effect and credence to Iowa Code chapter 279, I believe the board of directors of the Des Moines Area Community College should have been allowed to act under chapter 279 on the superintendent's recommendation to terminate the teacher's otherwise continuing contract.

In any event, the superintendent's *recommendation* of termination was only that—it was not an act of the board of directors. The *recommendation* should not be the subject of arbitration.

I would reverse the ruling of the district court.

REYNOLDSON, C.J., and SCHULTZ, J., join this dissent.