**WATERLOO EDUCATION ASSOCIATION, Appellant,**

v.

**WATERLOO COMMUNITY SCHOOL DISTRICT, Appellee.**

No. 84–1440.

Supreme Court of Iowa.

July 31, 1985.

Rehearing Denied Sept. 19, 1985.

Charles E. Gribble and Becky S. Knutson of Sayre & Gribble, P.C., Des Moines, for appellant.

Charles F. Swisher and Stephen J. Powell of Swisher & Cohrt, Waterloo, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and WOLLE, JJ.

UHLENHOPP, Justice.

This appeal involves the interrelationship between chapters 20 and 279 of the Iowa Code.

A collectively-bargained agreement existed between the Waterloo Education Association and the Waterloo Community School District. Paula McDougall, a member of the association, was employed as a teacher by the district under the agreement. The agreement contained an Article III on binding arbitration. Article XVIII on discipline and dismissal stated:

A. The District shall not place an employee on probation, withhold an employee from advancement on the salary schedule, or suspend or discharge an employee except for good and proper cause. No employee shall be put on a disciplinary probation for more than twelve (12) consecutive calendar months for any one reason.

·B. If an employee is notified by the Assistant Superintendent, Division of Personnel, of a proposed suspension or discharge, the employee may request and have a hearing before the Superintendent prior to the submission of the proposed suspension or discharge to the Board of Directors. The request must be made in writing within three (3) school days after receipt of the notification from the Assistant Superintendent, Division of Personnel.

C. In the event an employee questions the good and proper cause of suspension or discharge, the employee shall have the election of appealing the suspension or discharge under the provisions of Section 279.13 of the Code of Iowa as amended by S.F. 205 of the Iowa General Assembly of 1977 or by filing a grievance at Level IV of the Grievance Procedure set forth in Article III. Once the election is made, the employee cannot thereafter change from one procedure to the other.

On March 11, 1983, the district served McDougall with a notice and recommendation to terminate contract pursuant to section 279.15 of the Iowa Code, stating that the superintendent would recommend to the directors that McDougall's employment terminate for specified reasons at the end of the school year.

McDougall filed a grievance at level IV alleging that no good and proper cause existed for the proposed termination. After various proceedings, the district refused to arbitrate. The association commenced the instant action seeking to enforce the arbitration clause in the contract.

The district moved for adjudication of law points and for summary judgment. After hearing, the district court held that the district was not required to arbitrate, and sustained the motions. The association appealed.

I. Chapter 20 of the Iowa Code provides for collective bargaining by public employees and permits collectively-bargained contracts to require binding arbitration. Chapter 279 of the Code contains the statutory provisions for terminating teachers' contracts. In a series of cases, a majority of this court held that sections 279.15 to .18 of the Code do not constitute the exclusive means for terminating teachers' contracts, and that by contract, arbitration may be substituted under chapter 20.

The first decision so holding was *Shenandoah Education Ass'n v. Shenandoah Community School Dist.*, 337 N.W.2d 477 (Iowa 1983). In that case one teacher had to be laid off because of budget constraints, economic necessity, and program rearrangement. The district proceeded under sections 279.15 and following of the Code with regard to a certain teacher, but the teacher demanded arbitration under the contract. This court held the teacher could require arbitration. *See also Ferree v. Board of Education*, 338 N.W.2d 870 (Iowa 1983).

Subsequently this court decided *Iowa City Community School Dist. v. Iowa City Education Ass'n*, 343 N.W.2d 139 (Iowa 1983). That decision did not involve discharge of a teacher, but rather a salary dispute. The rationale of the decision, however, favoring arbitration when authorized by the contract, is in line with *Shenandoah.*

Our most recent decision is *Borgen v. Anderson*, 366 N.W.2d 583 (Iowa 1985). That case is very close on its facts to the present one. Because of declining enrollment, the superintendent recommended to the board under section 279.15(1) of the Code that the teacher's contract terminate at the end of the school year. The question was whether the district could proceed under chapter 279 or the teacher had a right to arbitration under the contract. The teacher prevailed in the district court and this court. The case is indistinguishable for practical purposes from the present one.

The Waterloo district presents several arguments in support of its view that it had a legal right to proceed under chapter 279. We find, however, that the arguments were considered and rejected in the prior decisions and, with one exception, that no good reason exists to belabor them.

II. Chapter 279 contains two separate provisions for terminating a teacher's employment: (1) termination at the end of the contract year for "just cause" under section 279.15(2) ("The notification and the recommendations to terminate shall contain a short and plain statement of the reasons, which shall be for just cause, why the recommendation is being made."), and (2) termination at any time for "just cause" under section 279.27 ("A teacher may be discharged at any time during the contract year for just cause."). In *Shenandoah* this court stated regarding the latter provision:

It is important to distinguish this case from cases involving discharge for just cause which is personal to the teacher and provided for in Iowa Code section 279.27. The latter subject is not a mandatory subject of bargaining under Iowa Code section 20.9 (1981). Statutory appeal procedures provided in Iowa Code

chapter 279 would take precedence when the issue is discharge of a teacher for just cause under section 279.27.

*Shenandoah*, 337 N.W.2d at 481.

The district argues that this exception under section 279.27 governs in the present case, but the exception has no application here. The documents in the record reveal that the district attempted to proceed instead under sections 279.15 and following. It did not attempt to terminate the contract "at any time during the contract year" under section 279.27. Instead, it attempted to terminate the contract "effective at the end of the current school year" under section 279.15(1).

III. We note finally that Article XVIII of the contract previously quoted speaks of discharge for "good and proper cause", whereas section 279.15(2) authorizes termination for "just cause". We also note that section 20.28 of the Code provides:

> A provision of the Code which is inconsistent with any term or condition of a collective bargaining agreement which is made final under this chapter shall supersede the term or condition of the collective bargaining agreement unless otherwise provided by the general assembly. A provision of a proposed collective bargaining agreement negotiated according to this chapter which conflicts with the Code shall not become a provision of the final collective bargaining agreement until the general assembly has amended the Code to remove the conflict.

In addition we note our statement that "the law now writes sections 279.13 to 279.19 of the Code into teachers' contracts" in *Bruton v. Ames Community School Dist.*, 291 N.W.2d 351, 356 (Iowa 1980).

The parties have not argued the effect of the disparate language in Article XVIII and section 279.15(2), and we do not address the issue. The point will likely arise in the arbitration proceedings and require resolution there. This issue relates to the substantive grounds for termination rather than the procedural question of section 279.15 proceedings vis-a-vis arbitration.

The district court should have overruled the motions to adjudicate law points and for summary judgment.

REVERSED.

All Justices concur except McGIVERIN, J., who dissents.

McGIVERIN, Justice (dissenting).

For the reasons stated in my concurrence in part and dissent in part in *Shenandoah Education Association v. Shenandoah Community School District*, 337 N.W.2d 477, 483–86 (Iowa 1983), I respectfully dissent from the majority opinion here.

I would affirm the ruling of the district court.